JACKSON, *ex dem.* CORNELIUS and others, *against*
M'KEE.

</div>

THIS was an action of ejectment, brought to recover the possession of lot No. 36. in the township of *Dryden,* in the county of *Cayuga.* The cause was tried at the *Cayuga* circuit, in *June* last, before Mr. Justice *Yates.*

The plaintiff gave in evidence a patent dated the 7th *July,* 1790, to *John Cornelius,* for the lot in question; a deed from *Henry Hart,* dated 17th *January,* 1784. The present suit was commenced the 5th *September,* 1808. No improvements were made on the lot prior to *August,* 1808.

The defendant gave in evidence an *award* of the *Onondaga* commissioners, the 17th *December,* 1799, by which they awarded the said lot to *John Patterson,* and *William I. Vredenburgh.* It was proved that the defendant was in possession under *Vredenburgh,* a few days before the commencement of the suit. It was admitted

In cases of awards by the Onondaga commissioners, infants and others, under legal disabilities, at the time of the award, must file their dissent within three years after coming of age, or the removal of the disability, otherwise, they will be barred. It is not sufficient to bring an action, within the three years, without having filed a dissent. Whether the land was vacant, or not, the dissent is equally necessary, in every case.

NEW-YORK,
October, 1811.

JACKSON
v.
M'KEE.

that no *dissent* was entered. It appeared that *Harman Visger Hart*, one of the lessors, was an infant when the award was made, and that the present suit was brought within three years after he came of age. The judge ruled that it was not necessary to show a dissent, and the jury, under his direction, found a verdict for the plaintiff.

A motion was made to set aside the verdict, for the misdirection of the judge.

*Cady*, for the defendant, contended, that, by the *act to settle disputes concerning the title to lands in the county of Onondaga*, passed the 24th *March*, 1797, '(sess. 20. c. 51.) it was indispensable that a dissent should be filed, and a suit commenced within three years thereafter. The 8th section of the act provides for the rights of infants and others, under legal disabilities, and that nothing shall prejudice their rights, " if such infants shall, within three years after coming of age, make their dissent, and bring their suit and prosecute the same to effect."

* 5 Johns. Rep.
55.

*Van Vechten*, contra. In *Jackson* v. *Huntly*,* it was decided, that the act did not apply to the case of vacant lands. To render an award operative, the party in whose favour it is made, must take possession; and that possession must be followed by an action. The award could not operate against persons under legal disabilities. The award merely does not constitute the bar; but possession must be taken within a reasonable time, at least within two years, and continue during three years thereafter, to make a complete bar. This being a statute bar, is to be taken strictly. In the present case, the suit was commenced, as soon as practicable, within a few days after possession was taken by the defendant.

*Per Curiam.* The lessor of the plaintiff, *Hart*, in whom the title resided, was an infant when the award

was made, and he has brought his suit within three years after he came of age, but it does not appear that he has filed his dissent to the award. The act relative to the *Onondaga* titles required all persons against whom an award might be made, to enter their dissent within two years and bring their suit within three years, or they should be barred. But the statute saved the rights of infants, if within three years after coming of age, they "make their dissent and bring their suit and prosecute the same to effect as aforesaid." (*Laws*, vol. 2. 269.) The lessor has brought his suit within the time; but he has filed no dissent; and this dissent was an act of solemnity to be put upon record, and which the statute has required in every case, as indispensable, if the party meant to controvert the award. If the land was wild and unreclaimed, without any possession, the act did not conclude the party who had not brought his ejectment within the three years, because the object of the act could not be answered by a suit in such a case. This was the decision in *Jackson* v. *Huntly*. (5 *Johns*. *Rep*. 65.) But the court did not say that the dissent must not be entered within the time limited; nor is there any objection in such a case to the provision requiring the dissent. The reason and the utility of the dissent does not depend upon the fact of the land being at the time occupied or not. The dissent is necessary in every case; and as there was none in this case, the plaintiff was barred, and the motion to set aside the verdict must be granted with costs to abide the event of the suit.

Motion granted.